OPINION OF THE COURT
Rose L. Rubin, J.
Defendants, Herbert Haberstrumpf, Goodwin Eisenson, Martin Schwartz, Hyman Roseman, Moe Marks and The Stamp Operators Association of Greater New York, charged together with two additional codefendants and 11 named unindicted coconspirators, with the crimes of combination in restraint of trade and competition in violation of sections 340 and 341 of the General Business Law, as a felony, of combination in restraint of trade and competition as a misdemeanor, of conspiracy in the second degree, and of grand larceny in the first degree, move, pretrial, in an omnibus motion for various relief. The People oppose in their answering affirmation. Both *964 the People and the defendants have submitted a memorandum of law.
The first branch of defendants’ motion, to permit the defendants to inspect the minutes of the Grand Jury, is denied, pursuant to CPL 190.25 and 210.30 (subd 2).
The second branch of defendants’ motion is disposed of in the following manner:
Item a, for court inspection of the Grand Jury minutes, is granted. The defendants’ motion to dismiss the indictment is denied. The court, having examined the Grand Jury minutes, finds that sufficient legal evidence was adduced to sustain each count of the indictment with respect to each defendant.
Item b seeks dismissal of counts 1 and 2 of the indictment on the ground that prosecution is barred by the People’s election to proceed in a civil action against the same defendants. In his answering affirmation, the Attorney-General concedes that on May 27, 1977, he filed a civil action in the Supreme Court, Queens County, seeking injunctive relief against the same indicted defendants. Section 342 of the General Business Law, under which the People brought its civil action, does not preclude the criminal proceedings here instituted for violation of section 340 of the General Business Law, the Donnelly Antitrust Act.
Civil and criminal remedies are not mutually exclusive. The choice of one does not generally bar the other (Town of Islip v Powell, 78 Misc 2d 1007, 1013). Only where the statute sought to be enforced specifically provides for the election of a civil or criminal remedy does the granting of one by the court preclude the other. While section 342-a of the General Business Law provides for such an election, section 342 does not (People v Texaco, Inc., 82 Mise 2d 698). The State is clearly empowered to enforce the General Business Law by both a criminal action and an action for an injunction. The statutory language is unambiguous. Accordingly, defendants’ motion to dismiss the first two counts of the indictment on this ground is denied.